**FOLLANSBEE STEEL CORP. v.
UNITED STATES.**

Civ. A. No. 9668.

United States District Court
W. D. Pennsylvania.

Jan. 22, 1953.

Paul, Lawrence & Rock, Pittsburgh, Pa., for plaintiff.

Charles S. Lyon, Asst. Atty. Gen., Andrew D. Sharpe and Leland T. Atherton, Sp. Assts. to Atty. Gen., and Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

■ Taxpayer makes the ingenious argument that omission of the words "the taxpayer" from Section 211 of the Revenue Act of 1940 permits a different result from that reached in New Colonial Ice Co. v. Helvering, 1934, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348. It may be doubted whether this contention could prevail, even in the absence of subsequent legislation, in view of the legislative history of that statutory provision; see H.Rep. No. 855, 76th Cong., 1st Sess., pp. 16–19 (1939) (1939–2 Cum.Bull. 504, 517–518). Further, it might be noted that the interpretation espoused by taxpayer could result in a company claiming a carry-back loss of an entirely unrelated enterprise.

In any event, the language of Section 211, as retroactively amended by the section 153 of the Revenue Act of 1942, is so similar to that upon which the Supreme Court of the United States passed, in the New Colonial Co. case, supra, that this Court deems itself bound to follow the reasoning and conclusion enunciated therein. The cases upon which taxpayer relies are clearly distinguishable, in that the same corporate entity was involved in both instances.

Findings of Fact

1. The facts of this case have been stipulated and are so found. They will be here repeated in abbreviated form.

2. On May 11, 1934, Follansbee Brothers Company ("Brothers"), a Pennsylvania corporation, was placed in the hands of receivers in equity appointed by this Court.

3. On June 18, 1934, Brothers petitioned this Court for leave to reorganize under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207B. Three trustees were appointed, who operated Brothers until July 1, 1940.

4. On May 10, 1940, this Court approved a Plan of reorganization which, inter alia, called for (a) organization of the Follansbee Steel Corporation ("taxpayer") to acquire the assets of Brothers and to operate the business consistently with the approved Plan; and (b) assumption and payment by taxpayer of all outstanding obligations of

the trustees incurred in the ordinary course of business, and of all liabilities and obligations of Brothers not affected by the Plan.

5. As of July 1, 1940, taxpayer took over all the assets and business of Brothers, in a reorganization tax-free under Section 112(b) (3) of the Internal Revenue Code, after which date Brothers was no longer in existence. Taxpayer still operates said business.

6. The transfer being of bare legal title, it effected no visual change in the business or in the nature of its operations. One of the trustees became Chairman of the Board of taxpayer. The same set of books of account was continued. Taxpayer paid obligations of the trustees still unsatisfied on June 30, 1940.

7. Under the provisions of the reorganization, bondholders of Brothers became holders of preferred and common stock of taxpayer; unsecured creditors of Brothers also became preferred and common stockholders of taxpayer; preferred capital stock of Brothers was exchanged for common stock of taxpayer; and common stock of Brothers was exchanged for common stock of taxpayer.

8. After the exchange was completed, taxpayer had outstanding 25,516 shares of preferred and 217,996.05 shares of common. Identity of ownership between the two corporations continued.[1]

9. From January 1, 1940 to June 30, 1940, inclusive, the trustees operating Brothers sustained a net operating loss of $235,315.21.

10. Taxpayer sustained a net operating loss of $43,773.88 for its taxable year ending December 31, 1940; and taxpayer was entitled to carry over that sum as a deduction in computing its taxable net income for its taxable year 1941.

11. The taxable net income of taxpayer for its taxable year 1941, before any net operating loss deduction, was $557,637.31.

12. Investigation and audit of the 1941 income tax return of taxpayer by an internal revenue agent resulted in a determination that the income tax liability of taxpayer for that year was $152,394.29, an overassessment of $16,544.28. On March 11, 1947, taxpayer filed a claim for refund of the over-assessment. The Commissioner allowed the claim.

13. The instant complaint, filed June 22, 1951, initially sought an additional refund of $151,738.80. The complaint was subsequently amended to reduce the claim of taxpayer to $73,193.99, and taxpayer now agrees that, if it prevails in this case, the overassessment would be $72,947.72.

14. The foregoing facts present no unusual situation warranting departure from the general policy of conforming allowable losses to the person sustaining them.

Conclusions of Law

1. This Court has jurisdiction over the subject-matter and parties involved.

2. In the Order of Court which approved and consummated Brothers Plan of Reorganization, the Court reserved a lien and charge on all assets of Brothers, conveyed and transferred to taxpayer, until taxpayer paid all liabilities of Brothers, on which event the old Corporation Brothers ceased to exist.

3. The Order of Court which approved and consummated Brothers Plan of Reorganization was intended to require taxpayer as a matter of law to assume and pay as an obligation of Brothers all liabilities and obligations, which would include taxes of any nature incurred by Brothers through June 30, 1940.

4. The Court in the approval and consummation of the Plan of Reorganization of Brothers did not intend that taxpayer should have the right to carry over losses of Brothers for tax purposes, during any period said business was operated by taxpayer after the turnover date, July 1, 1940.

1. The Stipulation of Facts states, "* * * so that it can be seen that former stockholders of Follansbee Steel Corporation were the majority holders of the outstanding shares of Follansbee Steel Corporation, thus continuing the identity of ownership." It would appear that the parties intended this to read, "* * * so that it can be seen that former stockholders of Follansbee Brothers Company were, etc."

5. Although the same business was conducted after the reorganization as before, Brothers and taxpayer were separate and distinct corporate entities for federal income tax purposes.

6. No exceptional circumstances existed in the approval and confirmation of the Reorganization Plan which required or justified taxpayer in being given the right to deduct tax losses of Brothers for the protection or enforcement of either public or private rights of Brothers or taxpayer.

7. Section 122 of the Internal Revenue Code, as added by Section 211 of the Revenue Act of 1939, 26 U.S.C.A. Internal Revenue Acts 1924 to Date, 1940 ed., § 211, page 1172, was amended by Section 153(a) of the Revenue Act of 1942, 26 U.S.C.A. Internal Revenue Acts Beginning 1940, 1946 ed., § 153(a), page 220, which amendment was made applicable by § 153(e) of that Act to taxable years beginning after December 31, 1940.

8. Section 122 of the Internal Revenue Code does not permit taxpayer to carry over to its taxable year 1941 the net operating loss of Brothers for the period January 1, 1940 to June 30, 1940.

9. Judgment should be entered in favor of the government, with costs.